# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION IN CINCINNATI

| | | |
|---|---|---|
| **SUSANA SALINAS SOLIS** | : | Case No. 1:17-cv-798 |
| 5621 View Point Drive, Apt. B | : | |
| Cincinnati, OH 45213 | : | **Judge** |
| | : | |
| **and** | : | |
| | : | **Magistrate Judge** |
| **JAIRO BARTOLON ROBLERO** | : | |
| 5621 View Point Drive, Apt. B | : | |
| Cincinnati, OH 45213 | : | |
| | : | |
| v. | : | |
| | : | |
| **CAPITAL GRILLE HOLDINGS, INC.** | : | **COMPLAINT FOR DAMAGES** |
| Registered Agent: Corporate Creations | : | |
| Network, Inc. | : | |
| 119 E. Court Street | : | |
| Cincinnati, OH 45202, | : | |
| | : | |
| *and* | : | **JURY DEMAND IS** |
| | : | **ENCLOSED HEREIN** |
| **ALEJANDRO MURILLO** | : | |
| 2748 Ivandell Avenue | : | |
| Dallas, TX 75211 | : | |
| | : | |
| **Defendants.** | : | |

___

## COMPLAINT

For their Complaint against the Defendants, Plaintiffs Susana Salinas Solis and Jairo Bartolon Roblero, state as follows:

### NATURE OF THE ACTION

1. This Complaint arises under the Fair Labor Standards Act of 1938 [FLSA], 29 U.S.C. §§ 201, *et seq.,* the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111, *et seq.*

("Ohio Wage Act"), the Ohio Prompt Pay Act, O.R.C. § 4113.15 ("OPPA"), and the Ohio Constitution, Oh. Const. Art. II, § 34a (the Ohio Wage Act, OPPA, and Ohio Constitution will be collectively referred to as the "Ohio Wage Laws").

Defendant failed to pay wages (i.e., bounced checks), did not pay overtime compensation (for work for more than eight hours), and did not pay for work on Saturdays, Sundays, and holidays (including Thanksgiving).

## PARTIES

2. Plaintiff Susana Salinas Solis, at all times relevant to this Complaint, has been living in Cincinnati, Ohio with her son and husband, Jairo Bartolon Roblero.

3. Plaintiff Jairo Bartolon Roblero, at all times relevant to this Complaint, has been a resident of Cincinnati, Ohio.

4. Defendant Capital Grille Holdings, Inc. ("Capital Grille") is a corporation incorporated in North Carolina, with its principal place of business in Orlando, Florida.

5. Defendant Capital Grille's principal office within Ohio is located at 119 E. Court Street, Cincinnati, Ohio 45202.

6. The Capital Grille is a national chain of more than 50 restaurants that advertises itself as "upscale."

7. The Capital Grille restaurant in Cincinnati, Ohio is located at 3821 Edwards Road, Cincinnati, Ohio 45209.

8. Upon information and belief, Overnight Cleanse, LLC ("Overnight Cleanse") is a limited liability company organized and/or owned by Defendant Capital Grille.

2

9. Defendant Alejandro Murillo, working as an employee of Overnight Cleanse, was responsible for issuing payment to Plaintiffs in exchange for their work for Capital Grille.

10. Defendant Alejandro Murillo, at all times relevant to this Complaint, acted as an agent for Capital Grille, by serving as a liaison between Capital Grille and its Spanish speaking employees.

## JURISDICTION

11. This Court has jurisdiction over Plaintiffs' FLSA Claim pursuant to 28 U.S.C. § 1331.

## VENUE

12. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b) and (d) because the events giving rise to this action occurred here.

## STATEMENT OF RELEVANT FACTS

13. The Capital Grille restaurant in Cincinnati, Ohio is part of a national chain.

14. Upon information and belief based on readily obtainable data, the parent company of Capital Grille has a history of wage and hour violations.

15. The Cincinnati operation is a large restaurant that is located in an "upscale" shopping area.

16. Capital Grille is open seven days a week and on some holidays, including Thanksgiving.

17. In 2015, Capital Grille, through its agents, hired three employees to clean the restaurant overnight[1].

18. The employees were Susana Solinas Solis, her husband, Jairo Bartolon Roblero, and David, whose last name is currently unknown.

19. The employees were to begin at 11:00 p.m., when the restaurant closed, and work until the next morning, when the lunch crew came in between 8:30 a.m. and 9:00 a.m.

20. Shortly after the employment began, David quit.

21. Capital Grille did not replace David, so Susana Salinas Solis and Jairo Bartolon Roblero performed the work that was originally designed for three people to perform.

22. Susana Salinas Solis and Jairo Bartolon Roblero worked 10-12 hours a day, performing additional work directed by the morning managers.

23. Susana Salinas Solis and Jairo Bartolon Roblero did not receive compensation for all the hours they worked, nor did they receive overtime compensation for working over 8 hours each day and for working on Saturdays, Sundays, and holidays, including Thanksgiving.

24. Susana Salinas Solis and Jairo Bartolon Roblero were paid through direct deposit by Defendant Alejandro Murillo from an account in Texas, but several checks were returned for insufficient funds.

25. Defendant Alejandro Murillo had no control over Susana Salinas Solis and Jairo Bartolon Roblero's work assignment and hours.

---

[1] Pay was $12 dollars/hour.

4

26. Susana Salinas Solis and Jairo Bartolon Roblero's were supervised by Capital Grille's day and evening managers, assistant managers and, in their absence, the chefs.

27. During all times material to this Complaint, Defendant Capital Grille has engaged employees, including Susana Salinas Solis and Jairo Bartolon Roblero, in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and Defendant Capital Grille has had an annual gross volume of sales made or business done of not less than $500,000.00 per year (exclusive of excise taxes at the retail level) by operating a large "upscale" restaurant.

28. During all times relevant to this Complaint, Defendant Capital Grille has been an "employer" and "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA, 29 U.S.C. § 203, and an "employer" within the meaning of 29 U.S.C. § 203(d), and Plaintiffs Susana Salinas Solis and Jairo Bartolon Roblero were "employees" of Defendant Capital Grille within the meaning of 29 U.S.C. §203€ and O.R.C. § 4111.03(D)(3), and were not otherwise exempt from the protections of the FLSA or the Ohio Wage Laws.

29. During all times relevant to this Complaint, Defendant Capital Grille has been engaged in interstate commerce within the meaning of FLSA and the Ohio Wage Laws.

## COUNT I
## FAILURE TO PAY FOR ALL THE HOURS WORKED AND FOR LEGALLY MANDATED OVER-TIME PREMIUM IN VIOLATION OF THE FLSA

30. Plaintiffs reinstate and incorporate by reference Paragraphs 1-29 of the Complaint.

5

31. During all times relevant to this Complaint, Defendants were and are "employers" covered by the minimum wage requirements set forth in FLSA, 29 U.S.C. § 203(d).

32. During all times relevant to this Complaint, Plaintiffs were "employees" of Defendants under 29 U.S.C. § 203 (e) and were not otherwise exempt.

33. FLSA requires that all covered employees be compensated for every hour worked in the work week, 29 U.S.C. § 206 (a) – (b).

34. FLSA also requires that the covered employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a work week, 29 U.S.C. § 207(a)(1).

35. During all times relevant to this Complaint, Defendant Capital Grille has been an "employer" and "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA, 29 U.S.C. § 203.

36. At all times relevant to this Complaint, Defendant Capital Grille required Plaintiffs to work more than eight hours a day, and to work on Saturdays, Sundays, and holidays, including Thanksgiving.

37. At all times relevant to this Complaint, Defendant Capital Grille acted intentionally to violate laws enacted by Congress (FLSA), by refusing to pay Plaintiffs for all hours worked, overtime, and holiday pay, causing substantial money damages to the Plaintiffs.

## COUNT II
## FAILURE TO PAY EMPLOYEES MINIMUM WAGE IN VIOLATION OF Oh. Const. Art. II, § 34a

38. Plaintiffs reinstate and incorporate by reference Paragraphs 1-37 of the Complaint.

39. During all times relevant to this Complaint, Defendants were and are "employers" covered by the minimum wage requirements set forth in Oh. Const. Art. II § 34a.

40. During all times relevant to this Complaint, Plaintiffs were "employees" of Defendants under Oh. Const. Art. II § 34a.

41. The Ohio Constitution requires that every employer pay their employees a wage rate of not less than the minimum wage, which in 2017 was $8.15 per hour.

42. During all times relevant to this Complaint, Defendant Capital Grille failed to pay Plaintiffs the minimum wage for all hours worked, even when the agreed-upon pay was greater than the minimum wage.

43. During all times relevant to this Complaint, Defendant Capital Grille acted intentionally to violate the Ohio Constitution, by refusing to pay Plaintiffs for all hours worked, causing substantial money damages to the Plaintiffs.

## COUNT III
## VIOLATION OF THE OHIO REVISED CODE § 4112 *et seq.*, DISCRIMINATON BASED ON NATIONAL ORIGIN AND ETHINICITY

44. Plaintiffs reinstate and incorporate by reference Paragraphs 1-43 of the Complaint.

45. Plaintiffs are Hispanic; they are not fluent in English.

46. Defendant Capital Grille created, tolerated, and/or failed to correct a hostile work environment and discriminatory practices by not paying wages to Plaintiffs and intimidating them when they complained about it.

47. The harassment that occurred during Plaintiffs' employment was so severe and pervasive as to make the employment conditions intimidating, hostile, and abusive.

7

48. Defendant Capital Grille knew and, in fact, facilitated the hostile work conditions toward Hispanic employees by creating Overnight Cleanse, a "shell" entity in Texas, as a cover to threaten and intimidate Plaintiffs.

49. Defendant Capital Grille constructively terminated Plaintiffs by not paying their wages or by paying them with checks that Capital Grille knew, or should have known, would not be honored by the issuing bank.

50. Defendant Capital Grille's actions were willful, wonton, and malicious and in violation of O.R.C. § 4112 *et seq.*

51. As a direct result of Defendant Capital Grille's unlawful conduct, Plaintiffs have incurred substantial losses and are entitled to monetary damages including, but not limited to, loss of income.

## COUNT IV
## VIOLATION OF OHIO WAGE ACT

52. Plaintiffs reinstate and incorporate by reference Paragraphs 1-51 of the Complaint.

53. At all times relevant to this Complaint, Defendant Capital Grille was a corporation and employer under The Ohio Wage Act, R.C. § 4111.03.

54. Plaintiffs were the employees of Defendant Capital Grille within the scope of the Ohio Wage Act and were not otherwise exempt.

55. The Ohio Wage Act required Defendant Capital Grille to pay Plaintiffs a minimum wage, as specified in Oh. Const. Art. II, § 34a. R.C. § 4111.02.

56. The Ohio Wage Act also required Defendant Capital Grille to pay Plaintiffs for overtime at a rate of one and one-half times the employees' wage rate for hours worked in excess of forty hours in one workweek. R.C. § 4111.03.

57. During all times relevant to this Complaint, Defendant Capital Grille failed to pay Plaintiffs at least the minimum wage for all hours worked, even when the agreed-upon pay was greater than the minimum wage.

58. During all times relevant to this Complaint, Defendant Capital Grille failed to pay Plaintiffs overtime compensation for hours worked in excess of 40 hours per week.

59. During all times relevant to this Complaint, Defendant Capital Grille discriminated against Plaintiffs based on their race, color, national origin, and/or ancestry by paying Plaintiffs less than other employees who are not Hispanic or do not have a language barrier for equal work performed under similar circumstances, in direct violation of R.C. § 4111.17.

60. Defendant Capital Grille acted willfully and with reckless disregard for Plaintiff's rights in violation of applicable Ohio Wage Act provisions, causing substantial money damages to Plaintiffs.

## COUNT V
## VIOLATION OF OHIO PROMPT PAYMENT ACT

61. Plaintiffs reinstate and incorporate by reference Paragraphs 1-60 of this Complaint.

62. At all times relevant to this Complaint, Defendant Capital Grille was a corporation and employer under OPPA, R.C. § 4113.15.

63. Plaintiffs were the employees of Defendant Capital Grille within the scope of the OPPA and were not otherwise exempt.

64. The OPPA required Defendant Capital Grille to pay Plaintiffs all wages owed, on or before the first day of each month for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for the wages earned by them during the preceding calendar month. R.C. § 4113.15(A).

65. During all times relevant to this Complaint, Defendant Capital Grille failed to compensate Plaintiffs fully and properly, first, for all the work performed, and second, by utilizing checks issued on accounts with insufficient funds, Plaintiffs were not paid all wages earned within the thirty days of performing their work. R.C. § 4113.15(B).

66. Plaintiffs earned wages that remain unpaid for more than thirty days beyond their regularly scheduled payday.

67. Defendant Capital Grille acted willfully and with reckless disregard for Plaintiff's rights in violation of applicable Ohio Wage Act provisions, causing substantial money damages to Plaintiffs.

**WHEREFORE**, Plaintiffs respectfully pray that this Court enter Judgment in Plaintiffs' favor and against Defendants Capital Grille and Alejandro Murillo jointly and severally as follows:

A. Issue an injunction prohibiting Defendants from violating FLSA in the future.

B. Find that Defendants acted willfully, wantonly, and fraudulently with intent to violate FLSA and state laws promulgated to protect Plaintiffs and other similarly situated individuals.

C. Award monetary damages, pre-judgment interest, and penalties in an amount to be ascertained at trial.

D. Grant punitive damages to prevent future violations.

E. Grant Plaintiffs a reasonable amount for attorney fees and costs.

F. Grant Plaintiffs any other damages available under U.S. and Ohio law.

G. Grant Plaintiffs such further relief as justice and equity requires.

Respectfully submitted,

/s/ Firooz T. Namei
Firooz T. Namei (0018615)
Trial Attorney for Plaintiff
McKinney & Namei, LPA
*Ratio et Fides*
15 East 8th Street
Cincinnati, Ohio 45202
(513) 721-0200
(513) 632-5898 (fax)
firooz.namei@nameilaw.com

## JURY DEMAND

Plaintiffs demand a trial by jury.

Respectfully submitted,

/s/ Firooz T. Namei
Firooz T. Namei (0018615)
Trial Attorney for Plaintiff
McKinney & Namei, LPA
***Ratio et Fides***
15 East 8th Street
Cincinnati, Ohio 45202
(513) 721-0200
(513) 632-5898 (fax)
firooz.namei@nameilaw.com